KAREN P. HEWITT
United States Attorney
BRUCE C. SMITH
Assistant U.S. Attorney
California State Bar No. 078225
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6963
E-mail: bruce.smith@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 2000 CHEVROLET SILVERADO TRUCK, BAJA CALIFORNIA, MEXICO LICENSE NO. BM86231 VIN 1GCEC14V1YZ248371, ITS TOOLS AND APPURTENANCES,<br><br>Defendant. | Case No. 07cv2370-W(LSP)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT AS TO THE INTEREST OF JORGE FLORES GOMEZ AND ALL POTENTIAL CLAIMANTS<br><br>DATE: April 14, 2008<br>TIME: 10:30 a.m.<br>CTRM: 7 |

I

MEMORANDUM OF POINTS AND AUTHORITIES

A.   Introduction

This matter comes before the Court on Plaintiff's motion for default judgment. The verified complaint commencing this action against the Defendant was filed December 19, 2007, alleging forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) because Defendant had been used, was being used, or was intended to be used to facilitate the violation of Title 21, United States Code Section 841(a)(1). The defendant Chevrolet truck is also liable to condemnation and to forfeiture to the United States as a vehicle used to facilitate the importation into the United States of a controlled substance, to wit: marijuana, contrary to law, pursuant to Title 19, United States Code, Section 1595a(a).

1 | The complaint incorporated the verification of Special Agent Ryan Esgate . The present motion for default judgment seeks the forfeiture of the interest of Jorge Flores Gomez and all potential claimants.

B. <u>Statement of the Case</u>

1. On December 19, 2007, a Complaint for Forfeiture was filed in the above action in the United States District Court for the Southern District of California against the above defendant. On December 26, 2007, the defendant was seized and arrested by the United States Customs and Border Protection, who thereafter took possession and custody of the defendant, pursuant to the Court's Order appointing the United States Secret Service as custodian, dated December 28, 2007.

2. On January 15, 2008, January 22, 2008, and January 29, 2008, pursuant to Rule G(5), Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, notice was published in the <u>San Diego Commerce.</u>

3. On December 27, 2007, a Notice of Complaint and a copy of the Complaint for Forfeiture were sent by certified mail as follows:

| Name and address | Article No. | Result |
|---|---|---|
| Jorge Flores Gomez<br>Calle C #1224<br>Popular 2 C.P. 22819<br>Ensenada, B.C., Mexico | RR238422057US | No Receipt Returned |

From the time of said notice, no claim or answer has been filed regarding the above-named defendant.

On March 3, 2008, a Declaration of and Request for Clerk's Entry of Default was filed in this case. A Clerk's Entry of Default was issued on March 4, 2008, and a copy is hereby attached as Exhibit 1.

C. <u>Statement of Facts</u>

1. On May 23, 2007, Jorge Flores-Gomez (hereinafter referred to as "Flores-Gomez") entered the United States from Mexico at the Port of Entry, San Ysidro, California as the driver and sole occupant of the defendant 2000 Chevrolet Silverado truck, bearing Baja California, Mexico License plate BM86231 (hereinafter referred to as "Chevrolet truck"). Flores-Gomez was

waiting in line in the pre-primary inspection area when a Customs and Border Protection (hereinafter referred to as "CBP") Narcotics Detection Dog, "Echo", alerted and responded to the bed of the defendant Chevrolet truck. CBP Canine Enforcement Officer Smithson recognized Echo's behavior as indicating the dog detected the scent of some type of controlled substance being emitted from the defendant Chevrolet truck. Flores-Gomez and the defendant Chevrolet truck were escorted to the vehicle secondary inspection lot for further examination.

    A. Flores-Gomez was greeted in the secondary lot by CBP Officer Cortez. Flores-Gomez stated he was a citizen of Mexico and presented a Visa/Border Crosser Card as identification. He declared he was bringing nothing from Mexico. Flores-Gomez handed the CBP officer the Baja California registration document for the defendant Chevrolet truck. The document indicated Flores-Gomez was the registered owner. Flores-Gomez told the CBP officer he had owned the defendant Chevrolet truck for five months. The document, however, reflected it was registered on March 5, 2007. Flores-Gomez explained he was traveling to San Diego, California to pick up his wife who was visiting a friend.

    B. CBP Officer Cortez performed a cursory visual inspection of the open cargo bed of the defendant Chevrolet truck. Officer Cortez noted the floor or deck of the cargo bed appeared elevated and at a higher level than the factory-installed bed floors of other similar vehicles he had encountered. He tapped the surface of the floor of the cargo bed. The resulting sound was unusual. Officer Cortez suspected a post-production false floor had been installed, creating a concealed compartment between the original cargo bed floor and the elevated one. Officer Cortez knew traffickers of illegal drugs sometimes alter truck cargo beds in that way to create smuggling compartments. Officer Cortez again inquired of Flores-Gomez, and he again insisted he was bringing nothing from Mexico. Flores-Gomez was escorted to the secondary security office.

    C. CBP Officer Jacobo was assigned to complete the inspection of the defendant Chevrolet truck. He discovered a hidden access plate to the post-production cargo bed compartment. The access plate was concealed in the passenger side rear wheel well. The sheet metal access plate was covered with automobile body putty and painted black. A coating of mud

3

1  was intentionally smeared over the entire area over and around the access plate to further conceal
2  it. Officer Jacobo used a screwdriver to pry back the access plate. Upon removing the plate,
3  Officer Jacobo discovered a vast secret compartment located above the factory-installed cargo bed,
4  and below the post-production bed. The compartment was filled with cellophane-wrapped
5  packages.
6        D.    The officer selected one of the packages at random. He extracted a morsel of
7  its green vegetable contents and tested it using a standard CBP-issued presumptive drug test
8  device. The test results confirmed the substance was marijuana, a Schedule I Controlled
9  Substance. Officer Jacobo discovered and seized a total of 58 packages from the cargo bed
10 compartment. The combined net weight of the packages was approximately 77.35 kilograms or
11 170.17 pounds.
12        E.    On May 25, 2007, Flores-Gomez was charged by way of complaint in the
13 matter of People v. Jorge Flores-Gomez, case number CS211188 before the California Superior
14 Court, County of San Diego, South County Division with violations of California Health and
15 Safety Code Sections 11359, possession of marijuana for sale; 11360(a), transportation of
16 marijuana; and 11366.8(a), use of a false compartment with the intent to conceal controlled
17 substances. That same day, Flores-Gomez entered a plea of guilty to Count 1 of the complaint,
18 thereby admitting his violation of Health and Safety Code Section 11359, possession of marijuana
19 for sale, a felony. Imposition of sentence was suspended for three years. Flores-Gomez was
20 sentenced to serve 170 days in jail and fined.
21        D.    Deadlines for Filing a Claim and Answer
22     This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the
23 Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. Pursuant to
24 Rule G(5), a verified claim must be filed with the Clerk of the United States District Court,
25 Southern District of California, with a copy to the Government attorney, within thirty-five (35)
26 days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time
27 as the court may allow. An answer must be filed and served within twenty (20) days thereafter,
28 pursuant to Title 18, United States Code, Section 983(a)(4)(B).

4

1 | Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

The plaintiff served notice of forfeiture on all known potential claimants on December 27, 2007. From the time of said notice, no claim or answer has been filed by any potential claimants regarding the above-named defendant. (See Declaration of Bruce C. Smith, attached hereto as Exhibit 2.)

  E. <u>The Government Establishes Its Case by a Preponderance of the Evidence</u>

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 the burden of proof in civil forfeiture cases is a preponderance of the evidence. Title 18, United States Code, Section 983(c) states in pertinent part:

> In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property -
>
> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> (2) the Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that the property is subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

The Government's evidence is undisputed by any claimant. Thus, the Government has shown by a preponderance of the evidence that the defendant vehicle was involved in a transaction or attempted transaction, or was property traceable to property involved in violation of Title 21, United States Code Section 841(a)(1). Pursuant to the allegations in the verified complaint that the defendant vehicle had been used, was being used, or was intended to be used to facilitate the violation of Title 21, United States Code Section 841(a)(1), the Government has both proven its

case by a preponderance of the evidence and established the requisite nexus between the defendant and the offense.

## II

## CONCLUSION

For the foregoing reasons, it is requested that the interest of Jorge Flores Gomez and any other potential claimants be ordered condemned and forfeited to the United States according to the request herein.

DATED: March 10, 2008.

KAREN P. HEWITT
United States Attorney

s//Bruce C. Smith


BRUCE C. SMITH
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
E-mail: bruce.smith@usdoj.gov