FILED
'08 APR 22 PM 3:10
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>vs.<br><br>ONE 2000 CHEVROLET SILVERADO TRUCK, BAJA CALIFORNIA, MEXICO LICENSE NO. BM86231, VIN 1GCEC14V1YZ248371, ITS TOOLS AND APPURTENANCES<br><br>                       Defendant. | CASE NO. 07-CV-2370 W (LSP)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT<br>(Doc. No. 7.) |

      On December 19, 2007 Plaintiff United States of America ("Plaintiff") commenced this 21 U.S.C. § 881 drug-related forfeiture action against Defendant One 2000 Chevrolet Silverado Truck, Baja California Mexico License No. BM86231, VIN 1GCEC14V1YZ248371, Its Tools and Appurtenances ("Defendant"). (Doc. No. 1.) Pending before the Court is Plaintiff's motion for judgment by default as to the interest of all potential claimants against Defendant Chevrolet truck. (Doc. No. 7.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **GRANTS** Plaintiff's motion.

///
///
///

## I. BACKGROUND

On May 23, 2007, Jorge Flores-Gomez ("Flores-Gomez") entered the United States from Mexico at the Port of Entry, San Ysidro, California. (*Compl.* ¶3.) He was the driver and sole occupant of Defendant Chevrolet Silverado truck, bearing Baja California, Mexico license plate BM86231. (*Id.*) Flores-Gomez waited in line in the pre-primary inspection area when "Echo," a Customs and Border Protection ("CBP") Narcotics Detection Dog, alerted and responded to the bed of the Defendant Chevrolet truck. (*Id.*) CBP Canine Enforcement Officer Smithson recognized Echo's behavior as an indicator that the dog detected the scent of some type of controlled substance. (*Id.*)

CBP Officers escorted Flores-Gomez and the Defendant truck to the vehicle secondary inspection lot for further examination. (*Id.*) CBP Officer Cortez greeted Flores-Gomez in the secondary lot. (*Compl.* ¶3A.) At this time, Flores-Gomez stated that he was a Mexican citizen, and presented a Visa/Border Crosser Card as identification. (*Id.*) Flores-Gomez explained that he was traveling to San Diego, California to pick up his wife, whom was visiting a friend. (*Id.*) Flores-Gomez further stated that he was bringing nothing from Mexico, and he handed Officer Cortez the Defendant truck's Baja California registration document. (*Id.*) The document indicated that Flores-Gomez as the registered owner. (*Id.*) Although Flores-Gomez stated that he had owned the Defendant truck for five months, the document indicated that the Defendant truck was registered on March 5, 2007, only two months prior. (*Id.*)

Officer Cortez performed a cursory visual inspection of the open cargo bed of the Defendant truck. (*Compl.* ¶3B.) Officer Cortez noticed that the deck of the cargo bed appeared to be at a higher level than the factory-installed bed floors of other similar vehicles he had encountered. (*Id.*) Officer Cortez tapped the surface of the floor of the elevated cargo bed and noted that the resulting sound was unusual. (*Id.*) As a result, Officer Cortez suspected a post-production false floor had been installed, creating a

concealed compartment between the original cargo bed floor and the elevated one. (*Id.*) Knowing that traffickers of illegal drugs sometimes alter truck cargo beds to create smuggling compartments, Officer Cortez again inquired of Flores-Gomez, and Flores-Gomez again insisted that he was bringing nothing from Mexico. (*Id.*) Flores-Gomez was then escorted to the secondary security office. (*Id.*)

CBP Officer Jacobo, assigned to complete the inspection of the Defendant Chevrolet truck, discovered a hidden access plate to a post-production cargo bed compartment located in the passenger side rear wheel well. (*Compl.* ¶3C.) The sheet metal access plate was covered with automobile body putty and painted black so as to conceal its location and purpose. (*Id.*) Additionally, a coating of mud was intentionally smeared over the entire area. (*Id.*) After using a screwdriver to pry back the access plate, Officer Jacobo discovered a vast secret compartment located above the factory-installed cargo bed and below the post-production bed. (*Id.*) The compartment was filled with cellophane-wrapped packages. (*Id.*)

Officer Jacobo randomly selected one of the packages and extracted a morsel of its green vegetable contents for testing. (*Compl.* ¶3D.) The results of the standard CBP-issued presumptive drug test device confirmed that the substance in the package was marijuana, a Schedule I Controlled Substance. (*Id.*) Subsequently, Officer Jacobo discovered and seized a total of fifty-eight packages of marijuana from the cargo bed compartment. (*Id.*) The combined net weight of the packages was approximately 77.35 kilograms or 170.17 pounds. (*Id.*)

On May 25, 2007, Flores-Gomez was charged with violations of California Health and Safety Code Section 11359, possession of marijuana for sale; Section 11360(a), transportation of marijuana; and Section 11366.8(a), use of a false compartment with the intent to conceal controlled substances. (*Compl.* ¶3E.) That same day, before the California Superior Court, Flores-Gomez entered a plea of guilty to Count 1 of the complaint, thereby admitting his violation of Health and Safety Code Section 11359, a felony. (*Id.*) Although the court suspended imposing sentence for three years, Flores-

1  Gomez was fined and sentenced to serve 170 days in jail. (*Id.*)

2  On December 19, 2007 Plaintiff filed a verified complaint for forfeiture against
3  all claimants to the Defendant Chevrolet truck, alleging that the Defendant truck is
4  liable for condemnation and forfeiture to the United States for its use in accordance
5  with Title 21, United States Code, Section 881(a)(4). (*Compl.* ¶5.) Plaintiff alleges
6  that the Defendant truck is also liable for condemnation and forfeiture to the United
7  States as a vehicle used to facilitate the importation into the United States of a
8  controlled substance, to wit: marijuana, contrary to law, pursuant to Title 19, United
9  States Code, Section 1695(a). (*Compl.* ¶6.)

10  On December 26, 2007 the Defendant truck was seized and arrested by the CBP,
11  who thereafter took possession and custody pursuant to Court order. (Doc. Nos. 3, 4.)
12  On December 27, 2007 a Notice of Complaint and a copy of the Complaint for
13  Forfeiture were sent by certified mail to Flores-Gomez. (*Dec. of & Req. for Clerk's Entry*
14  *of Default* 2.) On March 4, 2008, after notice was published in the San Diego
15  Commerce on January 15, 22, and 29, the Clerk of the Court entered default as to
16  Flores-Gomez and all other claimants. (Doc. Nos. 5, 6.) On March 10, 2008 Plaintiff
17  moved for default judgment as to all potential claimants, including Flores-Gomez.
18  (Doc. No. 7.) From the time of the aforementioned notice, neither Flores-Gomez nor
19  anyone else has filed a claim of any kind, appeared in this action, or opposed the motion
20  for judgment by default.

22  **II.    LEGAL STANDARD**
23  The district court has discretion to enter a default judgment against one who is
24  not an infant, incompetent, or member of the armed services where the claim is for an
25  amount that is not certain on the face of the claim and where the defendant has been
26  served with the claim; the defendant's default has been entered for failure to appear; if
27  the defendant has appeared in the action, the defendant has been served with written
28  notice of the application for judgment at least three days before the hearing on the

1  application; and the court has undertaken any necessary and proper investigation or
2  hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b).
3
4  **III.  DISCUSSION**
5       Plaintiff argues that it has complied with all relevant procedural requirements
6  and deadlines, and that it has established by a preponderance of the evidence that the
7  truck was involved in a violation of United States drug laws.  (Pl.'s P. & A. 4–6.)
8       The Court agrees.
9       Under 21 U.S.C. § 881, all vehicles used or intended for use to transport or in
10 any manner facilitate the transportation, sale, receipt, possession, or concealment of
11 controlled substances are subject to forfeiture to the United States.  21 U.S.C. § 881
12 (a)(4).
13      The civil forfeiture proceeding is governed by Rule G of the Supplemental Rules
14 for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Under Rule G(4), the
15 government must publish notice once a week for three consecutive weeks describing the
16 property and stating the procedures to file a claim and answer.  Fed. R. Civ. P. G(4)(a).
17 The government must also send notice to any known potential claimants.  Fed. R. Civ.
18 P. G(4)(b).  Pursuant to Rule G(5), any potential claimant must file a verified claim
19 with the Clerk of the Court, with a copy to the government attorney, within thirty-five
20 days after service of the Notice of Judicial Forfeiture Proceedings.  Fed. R. Civ. P.
21 G(5)(a).  An answer must be filed and served within twenty days thereafter, pursuant
22 to 18 U.S.C. § 983(a)(4)(B).  Fed. R. Civ. P. G(5)(b).
23      The burden of proof in civil forfeiture cases is a preponderance of the evidence.
24 18 U.S.C. § 983(c).  If the Government's theory of forfeiture is that the property was
25 used to commit or facilitate the commission of a criminal offense, or was involved in the
26 commission of a federal offense, the Government shall establish that there was a
27 substantial connection between the property and the offense.  Id.
28      The Government has established by a preponderance of the evidence that the

1  Defendant truck was involved in a drug-related transaction or attempted transaction,
2  in violation of Chapter 13, Title 21 of the United States Code, by submitting a verified
3  complaint alleging the canine alert, Flores-Gomez's inconsistent response to a question
4  regarding the truck's registration, the efforts to conceal the altered cargo bed
5  compartment full of marijuana, the circumstances surrounding the seizure, and the size
6  of the seizure. See Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992) (stating
7  that, in reviewing a default judgment, a court must take a complaint's well-pleaded
8  factual allegations as true). Neither Flores-Gomez nor any other person has disputed
9  the facts alleged in Plaintiff's Complaint or contested this motion for forfeiture.
10 Moreover, the Government has fully complied with Rule G's notice requirements
11 by sending a Notice of Complaint and a copy of the Complaint to Flores-Gomez and
12 publishing additional notice in the San Diego Commerce for three consecutive weeks.
13
14 **IV.  CONCLUSION**
15 The allegations in Plaintiff's verified complaint establish by a preponderance of
16 the evidence that Defendant One 2000 Chevrolet Silverado Truck, Baja California
17 Mexico License No. BM86231, VIN 1GCEC14V1YZ248371, Its Tools and
18 Appurtenances was involved in the violation of United States drug laws, and thus
19 subject to forfeiture under 21 U.S.C. § 881(a)(4). Moreover, Plaintiff has satisfied the
20 procedural requirements established in Federal Rule of Civil Procedure, Supplemental
21 Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions. No potential
22 or actual claimant has appeared in this action. For the aforementioned reasons, the
23 Court **GRANTS** Plaintiff's motion for judgment by default. (Doc. No. 7.)
24 ///
25 ///
26 ///
27 ///
28 ///

1     The Clerk shall enter final judgment for Plaintiff United States of America, and
2 this judgment shall forfeit the interests of all claimants and potential claimants,
3 including Jorge Flores-Gomez, in the Defendant Chevrolet truck pursuant to 21 U.S.C.
4 § 881(a)(4).

6     **IT IS SO ORDERED.**

8 Dated: April 21, 2008

                                            Hon. THOMAS J. WHELAN
                                            United States District Court
                                            Southern District of California